IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-158-PLR-DCP |
| | ) | |
| KEVIN JONES, GUY JENKINS, | ) | |
| MARY PARHAM, ANTONIO WILLIAMS, | ) | |
| KATRINA ECKHARDT, ANTOINE BOYCE, | ) | |
| KANESHA WADE, ANTHONY STOKES, | ) | |
| ANTOINE HOLLOWAY, | ) | |
| KEANNA MOOREHEAD, | ) | |
| MARILYN STUBBLEFIELD, | ) | |
| JAMES WILLIAMS, and HAILEY SPIRES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties case came before the Court for a motion hearing on March 3, 2020 on Defendant Kevin Jones' Motion to Continue Trial [Doc. 274], filed on February 3, 2020. Assistant United States Attorney Frank Dale, Jr., participated on behalf of the Government. Attorney Rachel Wolf appeared on behalf of Defendant Jones, Attorney Jonathan Cave appeared on behalf of Defendant Jenkins, Attorney Christopher Rodgers appeared on behalf of Defendant Parham, Attorney Jonathan Wood appeared on behalf of Defendant Antonio Williams, Attorney Russell Greene appeared on behalf of Defendant Eckhardt, Attorney Donny Young appeared on behalf of Defendant Boyce, Attorney Michael Cabage appeared on behalf of Defendant Wade, Attorney Ruth Ellis appeared on behalf of Defendant Stokes, Attorney James Varner, Jr., appeared

on behalf of Defendant Holloway, Attorney Norman McKellar appeared on behalf of Defendant Stubblefield, Attorney Kimberly Parton appeared on behalf of Defendant James Williams, and Attorney Forrest Wallace appeared on behalf of Defendant Spires. Attorney Francis Lloyd, Jr., appeared on behalf of Defendant Moorehead via telephone.

Defendant Jones moves [Doc. 274] the Court to continue the March 24, 2020 trial date and related deadlines in this case to allow more time to review the voluminous provided discovery, consult with counsel, and adequately prepare the case for trial. Defendant Stokes moved to adopt [Doc. 275] the motion to continue, claiming the requested reasons set forth in Defendant Jones' motion are also applicable. Defendant Holloway also filed a Notice of No Objection [Doc. 280] to a trial continuance, stating that Defendant Holloway was also waiving any speedy trial rights. During the hearing, Attorneys Cave, Rodgers, Wood, Young, Cabage, Lloyd, McKellar, Parton, and Wallace stated that they had no objection, and that Defendants Jenkins, Parham, Antonio Williams, Boyce, Wade, Stokes, Moorehead, James Williams, and Spires were willing to waive their speedy trial rights. Attorney Greene stated that Defendant Eckhardt takes no position on the pending motion. Lastly, AUSA Dale stated that the Government did not oppose the requested continuance of the trial and schedule. The parties then agreed upon a new trial date of July 28, 2020.

The Court finds Defendant Jones' motion to continue the trial to be unopposed and well-taken. It also finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that continuing the trial for approximately four months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, Defendant Jones' Motion to Continue Trial [**Doc. 274**] and Defendant Stokes' Motion to Adopt [**Doc. 275**] are **GRANTED**, and the trial of this matter is reset to **July 28, 2020**. The Court finds that all the time between the filing of Defendant Jones' motion on February 3, 2020, and the new trial date of July 28, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the deadline for filing pretrial motions is reopened at the Defendants' request and set for **April 10, 2020**. Responses to motions are due on or before **April 24, 2020**. The undersigned will hold a motion hearing on **April 29, 2020 at 10:00 a.m.** The deadline for concluding plea negotiations will be **June 30, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **July 13, 2020, at 1:30 p.m.** This date will also be the new deadline for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must also be filed no later than **July 13, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 17, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Ronald Jones' Motion to Continue Trial [**Doc. 274**] and Defendant Stokes' Motion to Adopt [**Doc. 275**] are **GRANTED**;

(2) The trial of this case is reset to commence on **July 28, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of Defendant's motion on **February 3, 2020,** and the new trial date of **July 28, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion deadline is reopened and set for **April 10, 2020**, and responses to motions are due on or before **April 24, 2020**;

(5) The undersigned will hold a motion hearing on **April 29, 2020 at 10:00 a.m.**, and the deadline for concluding plea negotiations will be **June 30, 2020**;

(6) The Court will hold a final pretrial conference on **July 13, 2020, at 1:30 p.m.** This is also the deadline for providing reciprocal discovery;

(7) All motions *in limine* must also be filed no later than **July 13, 2020**;

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **July 17, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

                ENTER:

*Debra C. Poplin*
United States Magistrate Judge